**Nina Schroeder MAGNESS, Agnes Schroeder Atkins, and Lee Alexander Magness, Plaintiffs,**

v.

**RUSSIAN FEDERATION, Russian Ministry of Culture and Russian State Diamond Fund. Defendants.**

**Misc. Action No. 99–0007–CB–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Jan. 28, 2000.

---

**15.** *See* Plaintiff's motion to remand, filed February 2, 2000, at 2.

Daniel B. Nelson, Livingston, Nelson & Smither, Houston, TX, for plaintiffs.

## ORDER

BUTLER, Chief Judge.

This matter is before the Court on plaintiffs' petition for writ of execution in aid of a judgment entered in another district and registered here. For reasons set forth below, the Court finds that the property upon which plaintiffs seek to execute is immune from execution.

### Procedural Background

On June 9, 1999, Judge David Hittner of the United States District Court for the Southern District of Texas entered a final judgment in Civil Action Number H–97–2498 in favor of the above-named plaintiffs and against defendants Russian Federation, Russian Ministry of Culture and Russian State Diamond Fund.[1] Judgment in the amount of $234,192,000 was entered in favor of all plaintiffs, and plaintiff Lee Alexander Magness received an additional award of $400,000. Plaintiffs are citizens of the United States. Defendant Russian Federation is a foreign sovereign. Defendants Russian Ministry of Culture and Russian State Diamond Fund are agents or instrumentalities of the Russian Federation.

Because none of the defendants answered or appeared in the underlying action, defendants were found to be in default, and final judgment was entered after a default judgment hearing.[2] The defendants subsequently moved to vacate or set aside the default judgment, which was denied by order dated January 12, 2000.

On January 26, 2000, plaintiffs filed a petition for writ of execution[3] in this Court seeking to execute against assets of the defendants which are part of the Nicholas and Alexandra Exhibit ("the Exhibit") temporarily located Mobile, Alabama. Among the items the plaintiffs are attempting to seize are the Golden Coronation Carriage, circa 1793, the Grand Piano of Empress Alexandra Feodorova, circa 1898, Miniature Copy of Imperial Regalia by Faberge Jewels, circa 1899–1900 and certain artworks.

On January 27, 2000, the Court held a telephone conference with counsel for plaintiffs and counsel for defendants. Plaintiffs informed the Court that the exhibit is scheduled to leave Mobile on Sunday, January 30, 2000. Therefore, the Court set an expedited briefing schedule,

1. Judgment was also entered against a fourth defendant, American–Russian Cultural Cooperation Foundation, but that defendant was later dismissed by agreement.

2. Judge Hittner found that the defendants were not immune from suit under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq., and that the defendants had expropriated property belonging to these plaintiffs in violation of international law. *Magness v. Russian Federation*, 54 F.Supp.2d 700 (S.D.Tex.1999).

3. On July 30, 1999, the underlying judgment was registered in this District.

giving the parties approximately twenty-four hours to submit briefs. On the morning of January 28, 2000, the United States of America, intervened in these proceedings pursuant to 22 U.S.C. § 2459(b). The United States opposes the petition on the ground that "the cultural artifacts that petitioners seek to attach are immune from seizure under federal law." (Doc. 4, Opposition Filed by United States, p. 2) Both plaintiffs and defendants subsequently filed briefs setting forth their respective positions in support of and in opposition to the issuance of the writ. In addition, at 11:41 a.m. today plaintiffs filed a motion for temporary restraining order seeking an order prohibiting removal of the exhibit pending a hearing on an application for preliminary injunction or upon determination of the plaintiff's petition for writ of execution, whichever occurs first.

### Legal Discussion

█ Rule 65(b) states that "a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition..." Since there is no dispute that the Exhibit is leaving this jurisdiction within 48 hours (on a Sunday), and although the application reflects faxed notice to all parties, the application for a TRO is the functional equivalent of a one without notice. For the Court to issue such an extraordinary writ under the circumstances, there must be some initial showing of the irreparable injury, loss or damage. That is not the case here, as neither the application for TRO nor the affidavit in support thereof suggests that the plaintiffs will be unable to recover on their judgment in some other fashion, rather than by seizing the Exhibit.

█ The property of a foreign state is generally immune from attachment or execution pursuant to the Foreign Sovereign Immunities Act. *See* 28 U.S.C. § 1609. Plaintiffs rely on certain statutory exceptions that apply when property of a foreign state is used for a commercial activity in the United States. The Court need not determine the applicability of those exceptions, however, because seizure is not permitted in this case due to another law which specifically forbids the use of judicial process to seize another country's works of art or objects of cultural significance:

Whenever any work of art or other object of cultural significance is imported into the United States from any foreign country, pursuant to an agreement entered into between the foreign owner or custodian thereof and the United States or one or more cultural or educational institutions within the United States providing for the temporary exhibition or display thereof within the United States at any cultural exhibition, assembly, activity, or festival administered operated, or sponsored, without profit, by any such cultural or educational institution, no court of the United States... may issue or enforce any judicial process, or enter any judgment, decree, or order, for the purpose or having the effect of depriving such institution, or any carrier engaged in transporting such work or object within the United States, of custody or control of such object if before the importation of such object the President or his designee has determined that such object is of cultural significance and that the temporary exhibition or display thereof within the United States is in the national interest, and a notice to that effect has been published in the Federal Register.

22 U.S.C. § 2459.

On June 4, 1998, the General Counsel of the United States Information Agency, acting as the President's designee,[4] published notice determining that "the objects

---

**4.** The President delegated this authority to the Director of the USIA by Executive Order

12047, 43 Fed.Reg. 13359 (1978), as amended

to be included in the exhibit, 'Nicholas and Alexandra: The Last Imperial Family of Tsarist Russia,' ... imported from abroad for the temporary exhibition without profit within the United States, are of cultural significance." 63 Fed. Regis 30567 (1998).[5] In addition, the president's designee found that "[t]hese objects are imported pursuant to a loan agreement with a foreign lender" and that "their exhibition is in the national interest." *Id.*

Plaintiffs argue that Judge Hittner has made findings that defeat the immunity provided for in § 2459(a). Specifically, plaintiffs contend that Judge Hittner found the Exhibit to be "for profit". However, the availability of this Exhibit's assets for execution was not before Judge Hitter. His findings related solely to the issue of his jurisdiction and did not specifically find that the USIA's notice and determination that the Exhibit was without profit was unfounded at the time it was issued. In

view of the fact that an agency's determination is entitled to deference, *see McHenry v. Bond,* 668 F.2d 1185, 1190 (11th Cir.1982), this Court will not attempt to go behind that determination and, thus, put in jeopardy the Exhibition which was originally brought into this country in reliance on such a determination. In effect, the plaintiffs are asking this Court to *ex post facto* overrule the June 4th, 1998, Notice of Determination.

Therefore, the items upon which plaintiffs seek to execute are immune from execution pursuant to 22 U.S.C. § 2459. Accordingly, it is **ORDERED** the petition for writ of execution and the application for temporary restraining order be and hereby are **DENIED.**

---

by Executive Order 12388, 47 Fed.Reg. 46245 (1982).

**5.** The list of items provided to the Court by the USIA pursuant to procedures outlined in

the Federal Register notice includes the items that are the subject of plaintiffs' petition writ of execution.